## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

RICKY L. JORDAN,
on behalf of himself and all
others similarly situated,

        Plaintiff,

v.

        Case No. 10-cv-60226-FAM

NCO FINANCIAL SYSTEMS, INC.,

        Defendant.

_____/

## JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND SUPPORTING MEMORANDUM OF LAW

Plaintiff, Ricky L. Jordan (hereinafter referred to as "Plaintiff"), and defendant, NCO Financial Systems, Inc. (hereinafter referred to as "NCO") (jointly referred to as the "Parties"), through counsel and pursuant to Fed. R. Civ. P. 23, move this Court for preliminary certification and approval of the proposed class action settlement in this matter. The Parties respectfully show:

1. On February 16, 2010, Plaintiff filed the above-captioned class action lawsuit (hereinafter referred to as the "Lawsuit"), asserting class claims against NCO under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter referred to as the "FDCPA"). Specifically, Plaintiff alleges NCO violated the FDCPA by leaving telephone messages wherein NCO failed to (a) state the communication was from a debt collector, (b) state the purpose of the communication was to collect a debt, and (c) meaningfully disclose NCO's identity.

2. After extensive arms-length negotiations, discovery, and multiple conference calls, on August 23, 2010, the Parties entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), attached hereto as **Exhibit 1**.

3. Under Fed. R. Civ. P. 23(e), the Parties now seek preliminary certification and approval of the proposed class action settlement. Specifically, the Parties request the Court preliminarily certify the proposed class and preliminarily approve the proposed class action settlement agreement by entering the Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"), attached hereto as **Exhibit 2**.

## SUPPORTING MEMORANDUM OF LAW

The Parties submit the following memorandum in support of their motion for preliminary approval of class action settlement.

### A.  Proposed Settlement.

As stated above, the Agreement is attached hereto as **Exhibit 1**. The significant terms of the proposed settlement are set forth below:

**1.  Certification of a Fed. R. Civ. P. 23(b)(3) Florida Class.**

For settlement purposes only, and under Fed. R. Civ. P. 23(b)(3), the Parties seek preliminary certification of the following Florida class of plaintiffs (hereinafter referred to as the "Florida Class Members"):

> (i) all Florida residents for whom NCO left a telephone message (ii) in which NCO (a) failed to meaningfully disclose its identity and/or (b) state the call is from a debt collector or that the call was an attempt to collect a debt (iii) in an attempt to collect a debt allegedly due Incredible Universe (iv) which was incurred for personal, family, or household purposes

2

> (v) during the one year period prior to the filing of the complaint in this matter through the date of class certification.

Ex. 1, Agreement at ¶ 1.A.  NCO represents that there are approximately 77 Florida Class Members.

As explained below, Fed. R. Civ. P. 23(c) requires the Parties provide notice of the settlement to the Florida Class Members and allow the Florida Class Members the opportunity to exclude themselves from the settlement.  The notification and exclusion processes are described below.

## 2.    Class Representative and Class Counsel Appointment.

For settlement purposes, the Parties propose the Court designate Plaintiff Ricky L. Jordan the class representative (hereinafter referred to as "Class Representative" or "Plaintiff"), and attorney Donald A. Yarbrough, sole practitioner, and attorney O. Randolph Bragg of the law firm HORWITZ, HORWITZ & ASSOCIATES, LTD. as class counsel (hereinafter referred to as "Class Counsel").  *Id*. at ¶ 3.  Class Counsel's qualifications are set forth in **Exhibit 3** hereto.

## 3.    Notification Process.

Fed. R. Civ. P. 23(c)(2)(B) requires the Parties to provide notice of the settlement to the Florida Class Members.  The Parties, therefore, propose the following notification process.

NCO shall, as expeditiously as possible, but not to exceed 14 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"), send via U.S. mail a

written notice of the proposed class action settlement to each Florida Class Member in substantially the form attached to the Agreement as Exhibit C.  Before mailing the written notice, NCO shall confirm and, if necessary, update the addresses for the Florida Class Members through the standard methodology that NCO currently uses to update addresses which shall include use of the National Change of Address (NCOA) system.  NCO's obligation to provide notice of the proposed settlement will be considered fulfilled upon the mailing of the written notices, regardless of whether any notice is returned as undelivered or for any other reason.  *Id*. at ¶ 9.  NCO will forward any notices that are returned with a forwarding address and shall update the Florida Class Member address list with all forwarding addresses.  *Id*.

    **4.**    **Exclusions and Objections.**

Fed. R. Civ. P. 23(c)(2)(B) also requires the Florida Class Members have an opportunity to exclude themselves from a (b)(3) settlement.  Accordingly, the Parties propose any Florida Class Member who desires to be excluded from the class must send a written request for exclusion to counsel for NCO with a postmark date no later than 50 days after the Court's entry of the Preliminary Approval Order.  *Id*. at ¶ 11.  The Florida Class Member must set forth the number and name of this case, his or her full name, address, telephone number and email address (if available), along with a statement that he or she wishes to be excluded.  *Id*. at ¶ 12.  NCO shall provide a list of the names of each Florida Class Member who submitted a timely exclusion to Class Counsel after the deadline passes, and file a copy of the list along with the Parties' Motion for Final Approval of Class Action Settlement.  *Id*. at ¶ 11.  Any Florida Class Member who

submits a valid and timely request for exclusion shall not be bound by the terms of this Agreement. *Id*. at ¶ 13.

Fed. R. Civ. P. 23(e)(5) provides the Florida Class Members must have the opportunity to object to the proposed settlement. Under the Agreement, any Florida Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 50 days from the Court's entry of the Preliminary Approval Order, and provide a copy to Class Counsel and counsel for NCO. *Id*. at ¶ 15. In the written objection, the Florida Class Member must state: his or her full name, address, telephone number and email address (if available); the reasons for his or her objection; and, whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel. *Id*. Any Florida Class Member who does not file a valid and timely objection to the settlement shall be barred from seeking review of the settlement by appeal or otherwise. *Id*. at ¶ 16. Pursuant to Rule 23(c)(2)(B)(iv) of the Federal Rules of Civil Procedure, the class members shall be notified that they may enter an appearance through an attorney if the member so desires. *Id*. at ¶ 17.

5. **Settlement Consideration.**

As explained above, the proposed settlement is a Rule 23(b)(3) settlement, and, therefore, the settlement consideration is as follows:

a. **Class Representative Incentive Payment.**

NCO shall pay Plaintiff $2,500 for his individual claim and in recognition of his services as the Class Representative and for his individual settlement. *Id*. at ¶ 20.A.

### b. **Class Monetary Relief**.

NCO has identified 77 Florida Class Members. NCO will establish a $6,930 Settlement Fund. *Id*. at ¶ 20.B. Within 10 business days after Final Judgment Day, NCO will send via U.S. mail a $90 settlement check to each Florida Class Member (1) who does not exclude himself or herself from the class and (2) whose class notice is not returned undeliverable without a forwarding address. *Id*. If a Florida Class Member's class notice is returned undeliverable and without a forwarding address, that Florida Class Member will *not* receive a settlement check. *Id*. Instead, the Florida Class Member's settlement proceeds will revert back to the Settlement Fund. *Id*. NCO's obligations per this paragraph will be considered fulfilled upon the mailing of the settlement checks, regardless of whether any settlement check is received, returned, or cashed, *except* that NCO will be obligated to take reasonable steps to forward all returned settlement checks, including forwarding all settlement checks returned with a forwarding address to such forwarding addresses. *Id*. Each settlement check will be negotiable for a minimum of 60 days after it is mailed. *Id*.

### c. *Cy Pres* **Award.**

Any funds from settlement checks un-cashed (*i.e.*, checks not cashed 60 days after the check date) or other undistributed funds shall be awarded to one or more mutually agreed-upon *cy pres* recipient(s), subject to the Court's approval. *Id*. at ¶ 20.C. The Parties propose the *cy pres* award go to Florida Legal Services, Inc. for use in consumer representation and education. *Id*.

### d. Attorneys' Fees, Costs, and Expenses.

NCO agrees to pay reasonable attorneys' fees, costs, and expenses as the Court may award for prosecution of a "successful action" under 15 U.S.C. § 1692k. *Id*. at ¶ 24. The Parties and their respective counsel agree they will negotiate in good faith in an attempt to reach an agreement regarding Class Counsel's attorneys' fees, costs, and expenses, to be submitted for Court approval. *Id*. Class Counsel will file a motion for approval of reasonable attorneys' fees, costs, and expenses for time spent and costs and expenses incurred through the Final Judgment Date. *Id*. If no consent has been reached by the Parties, NCO may oppose the amount of fees, costs, and expenses sought. *Id*. NCO shall be afforded proper notice of such motion and an opportunity to file papers objecting to the reasonableness of Class Counsel's hourly rates, the work conducted, the hours spent and of the amount attorneys' fees, costs, and expenses requested by Class Counsel, but not their entitlement to an award of attorneys' fees, costs, and expenses nor the "degree of success." *Id*. The award of fees, costs, and expenses to Class Counsel shall be in addition to, and shall not in any way reduce, the settlement amounts to be provided to the Florida Class Members. *Id*.

The Parties and their counsel represent and agree that the consideration to be provided to the Florida Class Members is not contingent on the attorneys' fees to be awarded. *Id*. at ¶ 26. The procedure for and the allowance or disallowance by the Court of any application by Class Counsel or other attorney for attorneys' fees, costs, or expenses, including the fees of experts and consultants, to be paid by NCO are not part of the settlement set forth in this Agreement, and are to be considered by the Court

separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement, and any order or proceedings relating to the fee, cost, and expense application, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the Final Approval Order approving this Agreement and the settlement of the Lawsuit. *Id*.

Defendant shall be responsible for all costs and expenses of sending notice and distributing checks to the class members and the cost of administration. *Id*. at ¶ 9.

### 6. Class Action Fairness Act.

The Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, applies in this case, and, under 28 U.S.C. § 1715, within 10 days of the filing of the Agreement, NCO will send notice of the proposed settlement to the appropriate federal and state officials. *Id*. at p. 2.

### B. The Proposed Settlement Satisfies the Requirements of Fed. R. Civ. P. 23.

"The class-action device was designed as 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 155 (1982) (*quoting Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). "Class relief is 'peculiarly appropriate' when the 'issues involved are common to the class as a whole' and when they 'turn on questions of law applicable in the same manner to each member of the class.'" *Id*. "For in such cases, 'the class action device saves the resources of both the courts and the parties by permitting an issue

potentially affecting every [class member] to be litigated in an economical fashion under Rule 23.'" *Id.* (changes in original).

In the Eleventh Circuit, there is a "strong judicial policy" favoring pretrial settlement of class action lawsuits. *See Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). "'Litigants should be encouraged to determine their respective rights between themselves.' This policy has special importance in class actions with their notable uncertainty, difficulties of proof, and length." *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 238 (S.D. Fla. 1988) (internal citations omitted); *see also Turner v. Gen. Elec. Co.*, 2006 WL 2620275, *2 (M.D. Fla. 2006). Proposed settlements and class certifications for settlement purposes must, nevertheless, satisfy the requirements of Rule 23. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997); *Strube v. Am. Equity Inv. Life*, 226 F.R.D. 688, 695 (M.D. Fla. 2005).

### 1. The Fed. R. Civ. P. 23(a) Requirements are Satisfied.

"In order to obtain class certification, [the Parties] first must satisfy the prerequisites of numerosity, commonality, typicality, and adequacy of representation specified in Rule 23(a)." *Murray v. Auslander*, 244 F.3d 807, 810 (11th Cir. 2001). "The Rule states: '(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable [i.e., numerosity], (2) there are questions of law or fact common to the class [i.e., commonality], (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class [i.e., typicality], and (4) the representative parties will fairly and adequately protect the

interests of the class [i.e., adequacy of representation.]" *Prado-Steiman v. Bush*, 221 F.3d 1266, 1278 (11th Cir. 2000).

The proposed class satisfies the Fed. R. Civ. P. 23(a) prerequisites. Each prerequisite is in turn considered below.

    **a.    Numerosity.**

Numerosity requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "It is well established that the party seeking certification need not be able to prove the exact number of members or identify each class member." *Grillasca v. Hess Corp.*, 2007 WL 2121726 (M.D. Fla. 2007). The Eleventh Circuit has ruled that an estimated class size of "more than forty" is generally adequate. *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986); *see also Co. of Monroe, Fla. v. Priceline.com, Inc.*, 265 F.R.D. 659, 667 (S.D. Fla. 2010).

The numerosity requirement is met here. After extensive investigation and discovery, the Parties determined that there are 77 Florida Class Members that received (either directly or on their answering machine) the message at issue.

    **b.    Commonality.**

"The commonality and typicality requirements of Rule 23(a) overlap. Both requirements focus on whether a sufficient nexus exists between the legal claims of the named class representatives and those of individual class members to warrant class certification." *Prado-Steiman*, 221 F.3d at 1278 (citations omitted). "Commonality refers to the group characteristics of the class as a whole . . . ." *Id.* at 1279. "The commonality requirement serves the dual purpose of promoting: (1) fair and adequate

10

representation of the interests of absentee class members; and (2) practical and efficient case management." *Grillasca*, 2007 WL 2121726 at *10 (*quoting Falcon*, 457 U.S. 147 (1982)). "Allegations of a common course of conduct by defendants affecting all class members will satisfy the commonality requirement." *Co. of Monroe, Fla.*, 265 F.R.D. at 667.

The commonality requirement is satisfied here. Plaintiff's claims and the claims of the proposed Class Members are legally and factually identical. Plaintiff's and the proposed Class Members' claims stem from the same alleged conduct – NCO's alleged failure in telephone communications to: (a) meaningfully identify itself; (b) identify itself as a debt collector; and (c) state the purpose of the communication was to collect a debt. Plaintiff is a fair and adequate representative of the class as a whole and class certification would result in practical and efficient case management.

    **c.**    **Typicality.**

Typicality requires that the class representative "posses the same interest and suffer the same injury as the class members." *Murray*, 244 F.3d at 811. Typicality is satisfied when "the claims of the class representatives arise from the same events, practice, or conduct, and [are] based on the same legal theory as those of the other class members." *Grillasca*, 2007 WL 2121726 at *11 (*citing Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir. 1985)); *see also CV Reit, Inc. v. Levy*, 144 F.R.D. 690, 698 (S.D. Fla. 1992).

Like commonality, the typicality requirement is clearly satisfied here. Plaintiff's interests are aligned with the interests of the proposed class. As explained above,

Plaintiff's claims and the claims of the proposed class members stem from the same alleged conduct.

### d.  Adequacy of Representation.

Fed. R. Civ. P. 23(a)(4) requires that the class representative "fairly and adequately protect the interests of the class."  The adequacy of representation requirement asks "whether [class] counsel [is] qualified, experienced, and generally able to conduct the proposed litigation and whether [the representative] has interests antagonistic to those of the rest of the class." *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir. 1987) (*quoting Griffin v. Carlin*, 755 F.2d 1516, 1532 (11th Cir. 1985)).

The adequacy of representation requirement is satisfied here.  Plaintiff understands his obligation as the class representative, has adequately represented the interests of the putative class, and has retained experienced Class Counsel.  As indicated in **Exhibit 3** hereto, proposed Class Counsel are qualified, experienced in class action litigation, and capable of conducting this litigation and settlement.

Further, Plaintiff has no antagonistic interests to the Class Members.  Plaintiff's claims are identical to the Class Members' claims and there is no potential for conflicting interests in this action.

### 2.  The Fed. R. Civ. P. 23(b)(3) Requirements Are Satisfied.

"In addition to satisfying Rule 23(a)'s prerequisites, parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (b)(2), or (b)(3)." *Amchem Prods., Inc.*, 521 U.S. at 614.

Here, the Parties seek certification of a class under Rule 23(b)(3).  To qualify for certification under Rule 23(b)(3), a class must meet 2 requirements beyond the Rule 23(a) prerequisites:  "Common questions must 'predominate over any questions affecting only individual members'; and class resolution must be 'superior to other available methods for fair and efficient adjudication of the controversy.'"  *Amchem*, 521 U.S. at 615.

### a.   Predominance and Superiority.

Rule 23(b)(3) requires courts to consider the following factors when evaluating whether the "predominance" and "superiority" requirements are met:  "(A) class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties likely in managing a class action."

"That common questions of law or fact predominate over individualized questions means that 'the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof.'"  *Rutstein v. Avis Rent-A-Car Systems, Inc.*, 211 F.3d 1228, 1233 (11th Cir. 2000).  "Where, after adjudication of the class-wide issues, plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish their individual claims, such claims are not suitable for class certification under Rule 23(b)(3)."  *Klay v. Humana, Inc.*, 382 F.3d 1241, 1255 (11th Cir. 2004).

Here, class-wide claims predominate over any individual claims and the class action procedure is the appropriate and superior method to resolve the case. Plaintiff's and the putative class members' claims are identical, and all issues are subject to not just generalized proof, but the same proof. Proof of the class claims will leave nothing for plaintiff to prove individually. "The addition or subtraction of any of the plaintiffs . . . [would] have [no] substantial effect on the substance or quantity of evidence offered." *Id*.

Further, putative class members have little incentive to bring their claims individually because the maximum potential recovery under the FDCPA is $1,000 per plaintiff. *See Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692, 701 (S.D. Fla. 2004) ("Debtors who seek to change the unfair debt collection practices may lack the incentive to bring action under the FDCPA and the FCCPA because successful plaintiffs are only awarded a maximum of $1,000."). The putative class members' individual interest in controlling the litigation is, therefore, "no more than theoretic" and "so small as to make a separate action impracticable." *Amchem*, 521 U.S. at 616.

### 3. Notice and Exclusions.

Rule 23(c)(2)(B) further provides that any member of a (b)(3) class may request exclusion, and that the "court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort[.]" Fed. R. Civ. P. 23(c)(1)(B) (emphasis added). "Notice of a proposed class action settlement is adequate when it is the best notice practicable, reasonably calculated, under the circumstances, to reach absent class

members." *Elkins v. Equitable Life Ins. of Iowa*, 1998 WL 133741, *23 (M.D. Fla. 1998).

The Agreement provides for individual notice to each of the 77 Florida Class Members. Individual notice is the best notice practicable. Each Florida Class Member will receive actual notice of the settlement and an opportunity to exclude himself or herself.

    **4.    The Fed. R. Civ. P. 23(e) Requirements Are Satisfied.**

As stated above, pretrial settlement of class actions is favored. *See Bennett*, 737 F.2d at 986; *Turner*, 2006 WL 2620275 at *2. Rule 23(e), however, "requires judicial approval of any class action settlement." *Bennett*, 737 F.2d at 986. "In order to approve the settlement, the district court must find that it 'is fair, adequate and reasonable and is not the product of collusion between the parties.'" *Id.* (*quoting Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)).

"Approval of a settlement is a two-step process. In the first step, the Court determines whether the proposed settlement should be preliminarily approved." *Fresco v. Auto Data Direct, Inc.*, 2007 WL 2330895, *4 (S.D. Fla. 2007). "A proposed settlement should be preliminarily approved if it 'is 'within the range of possible approval' or, in other words [if] there is 'probable cause' to notify the class of the proposed settlement.'" *Id*.

        **a.    The Proposed Settlement is Fair, Reasonable, and Adequate.**

Courts have found that the following factors are useful in determining whether a settlement is fair, reasonable, and adequate: "(1) the likelihood of success at trial; (2) the

range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved." *Bennett v. Behring Corp.*, 737 F.2d 986; *see also Dolby v. Butler & Hosch, P.A.*, 2006 WL 2474062, *4 (M.D. Fla. 2006). "[T]he fact that a proposed settlement amounts to only a fraction of the potential recovery does not mean the settlement is unfair or inadequate." *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 542 (S.D. Fla. 1988); *see also Strube,* 226 F.R.D. at 698.

While the fifth factor is inapplicable at this stage, application of the other relevant factors shows the proposed settlement should be preliminarily approved in this case.

The likelihood of success for the class is uncertain if they were to proceed to trial. Discovery has shown the message at issue was the result of a computer error affecting only a fraction of the messages NCO left during the relevant time period. Considering a computer error caused the improper message to be played, NCO believes that the claims of the putative class would be defeated if tried based upon a very strong bona fide error defense. Indeed, NCO believes this matter presents a "classic case" for application of the bona fide error defense, but has decided to settle the Lawsuit in light of the costs associated with litigation.

The Settlement Fund for the Florida Class Members combined with the *cy pres* award is fair and adequate to the putative class members. The putative class members' possible recovery at trial is also uncertain. Pursuant to 15 U.S.C. § 1692k, the putative

16

class members' recovery is limited to the lesser of 1% of NCO's net worth, or $500,000. The Parties have exchanged informal discovery regarding NCO's net worth and agree the class maximum recovery would be approximately $96,000. NCO would argue, however, the class recovery should be further limited to a maximum of $77,000. NCO has identified 77 class members, and NCO would argue no class member should recover more than they would in an individual action ($1,000). Thus, if successful, recovery at trial would likely range from $1 to $1,246 per class member making a guaranteed $90 check to each Florida Class Member with no effort or investment a good result. As stated above "the fact that a proposed settlement amounts to only a fraction of the potential recovery does not mean the settlement is unfair or inadequate." *Behrens*, 118 F.R.D. at 542.

A trial in this case would be expensive and lengthy and early settlement will avoid significant fees and costs to each side. As noted above, NCO's defense is technical and would be expensive to both prove and defend. Trial would deplete NCO resources to pay any judgment or possible future settlement.

Finally, the Court may take into consideration the "judgment of experienced counsel." *Holmes*, 706 F.2d at 1149; *see also Dolby*, 2006 WL 2474062 at *7. Class Counsel are "seasoned attorneys" and they have determined that "settlement by way of this Agreement is in [the Parties'] bests interests." Ex. 1, Agreement, at p. 2.

### b. The Settlement is not the Product of Fraud or Collusion.

The Parties negotiated the proposed settlement at arms-length. Plaintiff did not use the class action procedure to gain a more beneficial settlement for himself. Plaintiff's

17

$2,500 payment is justified by the settlement of his individual claims and by his willingness to serve as the Class Representative. *See Dolby*, 2006 WL 2474062 at \*5 (The court found a more favorable settlement to named plaintiff did not raise concern where justified by the particular circumstances.). Moreover, Class Counsel did not use the class action procedure to "garner a larger monetary settlement" than would otherwise have been warranted. *Id.*

### III. CONCLUSION

For the reasons set forth above, and pursuant to Fed. R. Civ. P. 23(b)(3), the Parties respectfully request that the Court preliminarily certify the proposed class and preliminarily approve the proposed settlement by entering the attached Preliminary Approval Order, **Exhibit 2**.

Respectfully submitted,

s/ Donald A. Yarbrough
s/ O. Randolph Bragg
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658
P.O. Box 11842
Ft. Lauderdale, FL 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
donyarbrough@mindspring.com

O. Randolph Bragg, Esq.
HORWITZ HORWITZ & ASSOCIATES, LTD.
25 E Washington Street, Suite 900
Chicago, IL 60602
Telephone: (312) 372-8822
Facsimile: (312) 372-1673
rand@horwitzlaw.com

Attorneys for Plaintiff and
Florida Class Members

\\sfnfs02\prolawdocs\6947\6947-25622\Jordan, Ricky L\180778.doc

s/ Dayle M. Van Hoose
Dayle M. Van Hoose, Esq.
Florida Bar No.: 0016277
Kenneth C. Grace, Esq.
Florida Bar No.: 0658464
Sessions, Fishman, Nathan & Israel, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, FL 33618
Telephone: (813) 890-2463
Facsimile: (866) 466-3140
dvanhoose@sessions-law.biz
kgrace@sessions-law.biz

Bryan C. Shartle, Esq.
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3850 N. Causeway Blvd., Suite 200
Metairie, LA 70002-7227
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
bshartle@sessions-law.biz

Attorneys for Defendant